UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DONNA GRINDSTAFF, f/k/a Donna Dickinson,<br><br>Plaintiff,<br><br>v.<br><br>WILSON COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | Case No. 26-cv-00489<br><br>Honorable Robert J. White<br>(Sitting by Designation) |

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

## I. Introduction

Donna Grindstaff commenced this independent action pursuant to Federal Rule of Civil Procedure 60(d)(3), seeking to set aside two previous judgments entered against her because of fraud on the court. The complaint alleges that Wilson County, the County Sheriff's Office, Sheriff Robert Bryan, and Sheriff's Deputies Mike Hale and Joseph Pierce concealed, among other things, video footage depicting an injured Grindstaff sitting in the rear seat of a patrol car as Deputy Pierce transported her to the Wilson County jail.

Before the Court is Defendants' motion to dismiss the amended complaint. (ECF No. 13). Grindstaff filed a slew of other motions, but did not formally oppose the motion to dismiss. The Court will decide the motion without a hearing pursuant to M.D. Tenn. LR 78.01. For the following reasons, the motion is granted.

## II. Background

In July 2021, Deputy Pierce arrested Grindstaff at her home after her husband reported that she had struck him in the face. (Case No. 22-553, ECF No. 156, PageID.1388). She was charged with domestic assault, which a state court later dismissed. (*Id.*, ECF No. 156, PageID.1390). Grindstaff sued both Deputy Pierce and Wilson County pursuant to 42 U.S.C. § 1983 ("*Grindstaff I*"). (*Id.*, ECF No. 1). Among other things, Grindstaff alleged that Deputy Pierce arrested her without probable cause in violation of the Fourth Amendment to the United States Constitution. (*Id.*, ECF No. 1, PageID.6, ¶ 14). The district court awarded summary judgment to both the County and Deputy Pierce. (*Id.*, ECF No. 163). Grindstaff appealed. (*Id.*, ECF No. 165). And the United States Court of Appeals for the Sixth Circuit affirmed the district court's ruling. *See Grindstaff v. Wilson Cnty. Sheriff's Office ("Grindstaff I")*, No. 25-5061, 2026 U.S. App. LEXIS 4316 (6th Cir. Feb. 11, 2026).

Throughout the litigation, Grindstaff accused the *Grindstaff I* defendants and their attorneys (who represent Defendants in the current case) of engaging in

discovery-related misconduct. The most pertinent discovery violation Grindstaff claims to have uncovered is that the *Grindstaff I* attorneys provided her with dashcam video taken from Deputy Pierce's patrol car that omitted rear-seat footage depicting her alleged injuries. (*Id.*, ECF No. 99, PageID.826).

But the magistrate judge, the district judge, and the Sixth Circuit Court of Appeals all rejected this accusation. (*Id.*, ECF No. 99, PageID.827-29; *see also id.*, ECF No. 108, PageID.925). *See Grindstaff I*, 2026 U.S. App. LEXIS 4316, at *5-6. What they instead found is that Grindstaff did not operate her computer's video viewing software correctly. The *Grindstaff I* attorneys did, in fact, provide her with the rear-seat video footage; Grindstaff simply failed to click on a tab within the video viewing software that would have afforded her access to the relevant footage. None of the *Grindstaff I* judges – from the magistrate judge up through the Sixth Circuit panel – encountered any difficulties viewing the video. (*Id.*, ECF No. 99, PageID.827-29; *see also id.*, ECF No. 108, PageID.925). *See Grindstaff I*, 2026 U.S. App. LEXIS 4316, at *5-6.

Still, Grindstaff persisted. She commenced another section 1983 action against the *Grindstaff I* defendants, referencing the same operative facts, except this time the complaint named Sheriff Bryan as an additional party defendant ("*Grindstaff II*"). (Case No. 24-914, ECF No. 1). Grindstaff specifically alleged that:

> Plaintiff discovered (7-28-2023) that a rear seat video existed at Defendants deposition. The Defendants and their counsel (Ryan Shannon and Jeff Thompson) intentionally withheld discovery to aid them in summary judgment in the original Complaint, Plaintiff had no knowledge that there was a rear seat video containing evidence that she was unconscious and medical attention was denied to her during the twelve hours she was unconstitutionally arrested and imprisoned in just her nightgown. Plaintiff has witnesses that she discovered she was unconscious in the rear seat in December of 2023, which was well after the first Complaint discovery lapsed on July 28, 2023.

(*Id.*, ECF No. 1, PageID.4, ¶ 11).

As before, the *Grindstaff II* district judge rejected her narrative for largely the same reason as in *Grindstaff I* – "because no such concealment took place" – and entered judgment in the *Grindstaff II* defendants' favor. (*Id.*, ECF No. 31, PageID.496; *see also* ECF No. 33). Grindstaff appealed that decision. (*Id.*, ECF No. 34). And the case remains pending in the Sixth Circuit. (*Id.*, ECF No. 42).

Grindstaff filed the current lawsuit one month later.[1] (ECF No. 1). The amended complaint names the same party defendants that she sued in *Grindstaff II*. (ECF No. 9). Grindstaff's central contention on this go-around is that the *Grindstaff I* attorneys' discovery violations amounted to fraud on the court under Federal Rule of Civil Procedure 60(d)(3). (*Id.*). Defendants now move to dismiss the amended complaint in its entirety. (ECF Nos. 13-14).

---

[1] Former Sixth Circuit Court of Appeals Chief Judge Jeffrey S. Sutton designated the undersigned to adjudicate this matter after all the district judges in the Middle District of Tennessee recused themselves. (ECF No. 28, PageID.1158).

## III. Legal Standards

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted).

## IV. Analysis

### A. *Federal Rule of Civil Procedure 60(d)(3)*

Rule 60(d)(3) authorizes federal courts to "set aside a judgment for fraud on the court."[2] Fraud on the court must include conduct "(1) on the part of an officer of the court; that (2) is directed to the judicial machinery itself; (3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; (4) is a positive averment or a concealment when one is under a duty to disclose; and (5)

---

[2] Defendants initially challenge whether Grindstaff may raise the Rule 60(d)(3) claim through an independent cause of action. (ECF No. 14, PageID.701-02). She may. *See Marco Destin, Inc. v. Levy*, 111 F.4th 214, 218 (2d Cir. 2024) (holding that a party may file an "independent action" under Rule 60(d)(3)); *United States v. Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013) (same); *cf. Townsend v. Rockwell Automation, Inc.*, No. 24-3680, 2025 U.S. App. LEXIS 5260, at *4 (6th Cir. Mar. 5, 2025) (affirming the dismissal of a Rule 60(d)(3) independent action on the merits).

deceives the court." *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009). The claim must be established through clear and convincing evidence. *Id.*

Fraud on the court requires "only that species of fraud which does[,] or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 73-74 (6th Cir. 2012).

*Rear-seat Video*. Grindstaff fails to plausibly show how Defendants' (or their attorneys') alleged concealment of the rear-seat video footage amounted to fraud on the court. The *Grindstaff I* magistrate judge and district judge were able to access the rear-seat video footage from the copy of the recording that Grindstaff herself provided them. (Case No. 22-553, ECF No. 99, PageID.827-28). The magistrate judge viewed the same footage when recommending that the district judge award summary judgment in the *Grindstaff I* defendants' favor. (*Id.*, PageID.827-30). And in affirming that decision, the Sixth Circuit Court of Appeals observed that "[w]e were also able to view the video in question without difficulty." *Grindstaff I*, 2026 U.S. App. LEXIS 4316, at *5. So any attempt to conceal the video footage did not deceive the court.

Nor does Grindstaff allege any plausible set of facts indicating that Defendants (or their attorneys) attempted to conceal the rear-seat video footage from the court with the requisite culpable mental state, *i.e.*, intentionally, willfully, or recklessly. In fact, every court to address this allegation has reached the same conclusion: no concealment, of any kind, occurred. (Case No. 22-553, ECF No. 99, PageID.828-29; *see also id.*, ECF No. 108, PageID.925; Case No. 24-914, ECF No. 31, PageID.495-96). *See Grindstaff I*, 2026 U.S. App. LEXIS 4316, at *6 (holding that "there is no evidence that the defendants attempted to conceal [the rear-seat] video").

*Service of Responses to Discovery Motions*. Next, Grindstaff contends that Defendants' attorneys intentionally served their responses to her discovery-related motions to the wrong address so that she would be unable to reply to them. (ECF No. 9, PageID.1-2, 5, 20). But the amended complaint contains no factual allegations plausibly demonstrating that the attorneys mailed the discovery-related responses to the wrong address on purpose or recklessly. And the attorneys justify their error by pointing to Grindstaff's notice of change of address in *Grindstaff I*, where she informed the Clerk's office that she would still be able to retrieve mail at her *former address* and asked that her new address not be posted to the docket "for safety reasons." (ECF No. 65, PageID.345). So Defendants' attorneys cannot be faulted for mistakenly serving their responses at Grindstaff's prior address; a

location where she represented that she could still receive mailings without undue risk to her safety. No fraud on the court occurred in this regard either.

*Booking Photograph*. Grindstaff also asserts that Defendants and their attorneys failed to produce her booking photo from the Wilson County jail, which she claims, would have depicted her face with a swollen left eye. (ECF No. 9, PageID.485, 500). The relevance of the photo and the swollen eye, according to Grindstaff, is that it would have demonstrated how Deputy Pierce ignored the physical injuries she exhibited from her husband's physical abuse.

Grindstaff, however, cannot surmount two basic hurdles. *One* – that the magistrate judge and the district judge in *Grindstaff I* already concluded that her eye condition did not raise a genuine factual question as to whether Deputy Pierce had enough probable cause to arrest her for domestic violence. So, again, the court was not deceived by the absence of the booking photo.

And *two* – the amended complaint omits a sufficient factual basis to infer that Defendants or their attorneys attempted to withhold or conceal the existence of the booking photo during *Grindstaff I*'s discovery phase. And without any plausible allegations establishing their culpable mental state – whether intentional, willful, or

reckless – the portion of the Rule 60(d)(3) claim related to the booking photo cannot succeed.[3]

*B. Res Judicata*

Grindstaff's position on the rear-seat video footage lacks merit for another reason as well. "The doctrine of *res judicata* provides that a final judgment on the merits of an action precludes the parties or their privies from litigating issues that were or could have been raised in a prior action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013) (quotation omitted).

*Res judicata* (also known as claim preclusion) bars a subsequent action when there is "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins.*, 462 F.3d 521, 528 (6th Cir. 2006) (quotation omitted).

Grindstaff already asserted in *Grindstaff I* that Wilson County, Deputy Pierce, and their attorneys attempted to conceal the rear-seat video footage. Both the

---

[3] Grindstaff further maintains that the magistrate judge had *ex parte* communications with the *Grindstaff I* attorneys and that the assigned district judge ignored evidence of these communications. She also believes their recusal from this lawsuit constitutes a tacit admission that they engaged in some form of impropriety. (ECF No. 9, PageID.487-88). None of these allegations are factually sufficient to raise a plausible claim for relief under Rule 60(d)(3).

magistrate judge, the district judge, and the Sixth Circuit rejected her claim outright. *Res judicata* now bars Grindstaff from repackaging that same theory into an independent action for fraud on the court. *See Townsend*, 2025 U.S. App. LEXIS 5260, at *5 (holding that *res judicata* barred the plaintiff's independent fraud on the court claim because they were "based on the same or similar allegations" asserted in two previous cases). Accordingly,

IT IS ORDERED that Defendants' motion to dismiss the amended complaint (ECF No. 13) is granted.

IT IS FURTHER ORDERED that the amended complaint (ECF No. 9) is dismissed with prejudice.

IT IS FURTHER ORDERED that Grindstaff's pending motions (ECF Nos. 19, 23-24) are denied as moot.

Dated: October 21, 2026

s/ Robert J. White
Robert J. White
United States District Judge